**In re Javier ROMERO, and Ana T. Romero, Debtors.**

No. 06–30568 TEC 7.

United States Bankruptcy Court, N.D. California.

Sept. 8, 2006.

Donald E. Bloom, Law Offices of Donald E. Bloom, San Francisco, CA, for Debtors.

## *OPINION*

THOMAS E. CARLSON, Bankruptcy Judge.

This case turns upon what constitutes "exigent circumstances" permitting a debtor to file for bankruptcy relief before obtaining credit counseling. I determine that such circumstances generally exist where the debtor faces serious and immediate creditor action before the debtor can obtain credit counseling. The wage garnishment faced by Debtors in this case qualifies under this standard.

## FACTS

Ana and Javier Romero ("Debtors") filed a chapter 7 bankruptcy petition on July 10, 2006. Concurrently with their petition, Debtors filed a request for a temporary waiver of the prepetition credit counseling requirement (the "Certification"). The Certification states under penalty of perjury that Javier was the sole wage earner for the family, and that he faced imminent garnishment of his wages. Debtors certified that they needed to file bankruptcy immediately, prior to the wage garnishment taking effect, and that they tried to get credit counseling before filing their bankruptcy petition but were unable to do so.

On July 13, 2006, the court filed an Order Re Debtors' 109(h) Exigent Circumstances Declaration (the "Order"). The Order gave Debtors until August 9, 2006 to file a sworn declaration as to whether Debtors requested prepetition credit counseling services from an approved agency but were unable to obtain such services during the five-day period beginning on the date of their request.

On July 14, 2006, Debtors obtained credit counseling from Money Management International Inc. ("Money Management"), an agency approved to provide such counseling in this district. On July 17, 2006, the United States Trustee filed her Motion to Dismiss Under Section 109(h). On the same day, Debtors filed proof of having completed the credit counseling.

On July 24, 2006, Debtors filed an additional sworn declaration (the "Supplemental Certification") regarding their prepetition efforts to obtain credit counseling. The Supplemental Certification states that on July 7, 2006, three days prior to the petition date, Debtors telephoned Money Management to obtain the required prepetition counseling services, but that Debtors were unable to obtain the required counseling until July 14, seven days after their request.

At the hearing on the Motion to Dismiss, the United States Trustee argued that the Supplemental Certification did not state exigent circumstances because Debtors would have had adequate prior notice of the wage garnishment.

## DISCUSSION

Bankruptcy Code section 109(h)(1) conditions an individual debtor's eligibility for bankruptcy relief on obtaining credit counseling from an approved agency before filing. If a debtor files a bankruptcy petition without obtaining such counseling, the case must be dismissed unless the debtor obtains a temporary or permanent waiver of the credit counseling requirement. *See* 11 U.S.C. § 109(h). To obtain a temporary waiver, the debtor must submit to the court a certification that satisfies the following conditions: (1) it must describe "exigent circumstances" meriting a short-term exemption; (2) it must state that the debtor requested credit counseling services from an approved agency, but was unable to obtain the services during the five-day period beginning on the date the debtor made the request; and (3) it must be satisfactory to the court. 11 U.S.C. § 109(h)(3)(A). The Bankruptcy Code does not define exigent circumstances, and courts have not agreed upon an interpretation.

One line of cases concludes that the exigent circumstances standard is a high one that is generally not satisfied when the debtor has sufficient advance knowledge of the threatened creditor action to obtain the credit counseling before the creditor action takes effect. *See, e.g., In re DiPinto,* 336 B.R. 693 (Bankr.E.D.Pa.2006) (debtor's imminent loss of home to foreclosure scheduled to occur on petition date not exigent circumstances); *In re Anderson,* 2006 WL 314539, at *2 (Bankr. N.D.Iowa Feb.6, 2006) (existing wage garnishment of husband's income plus wife's recent loss of employment not exigent circumstances); *In re Rodriguez,* 336 B.R. 462, 474–76 (Bankr.D.Idaho 2005) (boilerplate allegations re impending third garnishment insufficient); *In re Valdez,* 335 B.R. 801, 803 (Bankr.S.D.Fla.2005) (filing bankruptcy to prevent foreclosure scheduled two days later not exigent circumstances because foreclosure did not prevent debtor from obtaining counseling).

The other line of cases holds that exigent circumstances exist when the debtor is unable to obtain credit counseling within five days of requesting such counseling, and faces immediate creditor action before

the credit counseling can be obtained. *See, e.g., In re Henderson,* 339 B.R. 34, 39 (Bankr.E.D.N.Y.2006) (impending sale of home or sole means of transportation are examples of potentially exigent circumstances warranting temporary relief) (dictum); *In re Hubbard,* 333 B.R. 377, 384 (Bankr.S.D.Tex.2005) (exigent circumstances exist when debtor faces loss of family home or permanent loss of sole means of transportation unless immediate bankruptcy relief granted); *In re Childs,* 335 B.R. 623, 630–31 (Bankr.D.Md.2005) (imminent sale of property at foreclosure and/or imminent eviction from residence are exigent circumstances).

 I find the second line of cases more persuasive, and conclude that the threat of serious creditor action before credit counseling can be obtained generally is sufficient to establish exigent circumstances.[1]

 Advance knowledge of the threatened creditor action should not preclude a finding of exigent circumstances. The statutory language chosen does not suggest such a limitation. As noted in the *Childs* decision, requiring the debtor to explain why she or he did not seek credit counseling earlier is more akin to an excusable neglect standard than to an exigent circumstances standard.

The standard for exigent circumstances set forth in the statute is minimal. It requires only that the debtor state the existence of some looming event that renders prepetition credit counseling to be infeasible. The standard is not one of "excusable neglect" that would require the Court to delve into the reasons why the exigent circumstances occurred.

*Childs, supra,* 335 B.R. at 630. Nor is such a limitation required by the statutory purpose of credit counseling enunciated by Congress.

Most importantly, [section 109(h) ] requires debtors to participate in credit counseling programs before filing for bankruptcy relief (unless special circumstances do not permit such participation). The legislation's credit counseling provisions are intended to give consumers in financial distress an opportunity to learn about the consequences of bankruptcy-such as the potentially devastating effect it can have on their credit rating.

H.R.Rep. No. 109–31, pt.1, at 18, U.S.Code Cong. & Admin.News 2005, pp. 88, 104 (2005). The Committee Report states that this stop-and-think requirement was intended for the benefit of the debtor. A statute with such a purpose should not be read to impose a significant financial loss on a debtor because that debtor did not anticipate that she or he might not be able to get credit counseling within five days of requesting it.

It must be remembered that exigent circumstances are relevant only if the debtor has been unable to obtain credit counseling within five days of requesting it. The presence of this five-day provision in the statute represents a Congressional determination that a debtor's expectation of obtaining counseling within that period is reasonable.

 In this case, Debtors faced imminent garnishment of their only income. The only way to stop the wage garnishment from taking effect was for Debtors to file bankruptcy by July 10. Debtors requested credit counseling from an ap-

---

1. Serious creditor action could include foreclosure, eviction, wage garnishment, or repossession of an automobile.

proved agency on July 7, but were unable to obtain the requested services until seven days later. I determine that the looming wage garnishment constitutes exigent circumstances permitting a temporary waiver of the credit counseling requirement. Accordingly, the United States Trustee's Motion to Dismiss is denied.