ELECTRONIC CITATION:  2008 FED App. 0021P (6th Cir.)
File Name:  08b0021p.06

**BANKRUPTCY APPELLATE PANEL OF THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| In re:   RONALD ANDERSON, | ) | |
| | ) | No. 08-8047 |
| Debtor-Appellant. | ) | |
| _____ | ) | |

Appeal from the United States Bankruptcy Court
for the Western District of Michigan at Marquette.
No. 08-90159.

Submitted:  November 19, 2008

Decided and Filed:  December 3, 2008

Before:  PARSONS, RHODES, and SHEA-STONUM, Bankruptcy Appellate Panel Judges.

_____

**COUNSEL**

**ON BRIEF:**  Ronald Anderson, Marquette, Michigan, pro se.

_____

**OPINION**

_____

STEVEN RHODES, Bankruptcy Appellate Panel Judge.  The question in the present case is whether the bankruptcy court abused its discretion by dismissing Anderson's bankruptcy case when Anderson failed to comply with the credit counseling requirement of 11 U.S.C. § 109(h).

## I.  ISSUES ON APPEAL

Anderson raises three issues on appeal.  First, Anderson asserts that the bankruptcy court erred in finding that he did not qualify for a waiver of the requirement pursuant to § 109(h)(4).

Anderson asserts that his incarceration creates a disability preventing him from obtaining the required credit counseling.

Second, Anderson asserts that the bankruptcy court erred in calculating the number of days in granting an extension of time to file the certificate of credit counseling.

Third, Anderson asserts that the bankruptcy court erred by failing to enter an order that specifically directed the Michigan Department of Corrections to provide Anderson with the means of completing the credit counseling requirement.

## II.   JURISDICTION AND STANDARD OF REVIEW

The Bankruptcy Appellate Panel of the Sixth Circuit has jurisdiction to decide this appeal. The United States District Court for the Western District of Michigan has authorized appeals to the BAP.  A final order of a bankruptcy court may be appealed by right under 28 U.S.C. §158(a)(1).  For purposes of appeal, an order is final if it "'ends the litigation on the merits and leaves nothing for the court to do but execute the judgment.'"  *Midland Asphalt Corp. v. United States*, 489 U.S. 794, 798, 109 S. Ct. 1494, 1497 (1989) (citations omitted).  An order dismissing a bankruptcy case is a final order.  *In re Raynard*, 354 B.R. 834, 836 (B.A.P. 6th Cir. 2006).

"Dismissal of a bankruptcy case is reviewed for abuse of discretion."  *Riverview Trenton Railroad Co. v. DSC, Ltd* (*In re DSC, Ltd.*), 486 F.3d 940, 944 (6th Cir. 2007) (*citing In re Eastown Auto Co.*, 215 B.R. 960, 963 (B.A.P. 6th Cir.1998)).  A bankruptcy court abuses its discretion when "it relies upon clearly erroneous findings of fact or when it improperly applies the law or uses an erroneous legal standard." *Id.*  Factual determinations are reviewed under the clearly erroneous standard. Fed. R. Bank. P. 8013.  A finding of fact is clearly erroneous "when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Anderson v. City of Bessemer City, N.C.*, 470 U.S. 564, 573, 105 S. Ct. 1504, 1511 (1985); *United States v. United States Gypsum Co.*, 333 U.S. 364, 395, 68 S. Ct. 525, 542 (1948).  Conclusions of law are reviewed de novo.  *Nicholson v. Isaacman* (*In re Isaacman*), 26 F.3d 629, 631 (6th Cir. 1994).

2

### III. FACTS

Anderson is incarcerated by the Michigan Department of Corrections at the Marquette Branch Prison. On March 24, 2008, he filed a voluntary chapter 7 bankruptcy petition. The petition did not include a certification of prepetition credit counseling. Anderson asserts that he attempted to obtain prepetition counseling by contacting GreenPath with a written request but he received no response. Along with the petition, Anderson filed a "Motion for Determination of Waiver."

On March 26, 2008, the bankruptcy court denied Anderson's "Motion for Determination of Waiver." The bankruptcy court concluded that Anderson did not meet any of the requirements to qualify for an exemption from prepetition credit counseling pursuant to § 109(h)(4). The order also denied the motion to the extent it sought permission to receive credit counseling postpetition as permitted by § 109(h)(3), due to Anderson's failure to articulate a reason for the relief requested.

On April 11 2008, Anderson filed a "Motion for Guidance and Extension of Time." The bankruptcy court interpreted this as a motion for an extension of time to secure the § 109(h) credit counseling postpetition. In an order entered April 15, 2008, the bankruptcy court denied that motion for failure to state an acceptable reason.

On April 28, 2008, Anderson filed a "Motion for Reconsideration." The bankruptcy court determined that the motion for reconsideration included new information not previously disclosed to the court that "Debtor is unable to secure the credit counseling at all because of the conditions of his incarceration." (Appellant's App.-E.) The bankruptcy court viewed the motion for reconsideration as a request for waiver of the credit counseling requirement. The bankruptcy court determined that Anderson's incarceration did not fit within one of the statutorily defined categories which allow for waiver of the credit counseling requirement. However, the bankruptcy court did determine that Anderson had stated cause for the 15-day extension of time to obtain the credit counseling pursuant to § 109(h)(3). The order entered by the court on May 1, 2008, gave Anderson until May 9, 2008, to file the required certificate.

## IV. DISCUSSION

A. Anderson does not qualify for a waiver from the credit counseling requirement pursuant to § 109(h)(4).

Section 109(h)(4) provides:

The requirements of paragraph (1) shall not apply with respect to a debtor whom the court determines, after notice and hearing, is unable to complete those requirements because of incapacity, disability, or active military duty in a military combat zone. For the purposes of this paragraph, incapacity means that the debtor is impaired by reason of mental illness or mental deficiency so that he is incapable of realizing and making rational decisions with respect to his financial responsibilities; and "disability" means that the debtor is so physically impaired as to be unable, after reasonable effort, to participate in an in person, telephone, or Internet briefing required under paragraph (1).

Anderson argues that his incarceration at a Michigan Department of Corrections facility is the equivalent of a disability because he is physically restricted from attending credit counseling in any of the proscribed manners. Obviously, due to his incarceration, he is unable to attend in person. Anderson also asserts that the policy directives of the prison prevent him from accessing the internet and from making toll-free telephone calls. Thus, Anderson asserts that he is so "physically impaired" by his incarceration that he is unable to participate in an in person, telephone or internet briefing.

The bankruptcy court held that incarceration did not amount to a disability. Several other courts have recently reached the same conclusion. "Although the court is sympathetic to debtor's situation, his incarceration is not within the meaning of "disability" intended by Congress when they drafted § 109(h)(4), and therefore debtor does not meet the exception for permanent waiver pursuant to § 109(h)(4)." *In re Star*, 341 B.R. 830, 831 (Bankr. E.D. Va. 2006). *See also In re Hubel*, 395 B.R. 823, 826 (N.D.N.Y. 2008 ); *In re Rendler*, 368 B.R. 1, 4 (Bankr. D. Minn. 2007); *In re Ruckdaschel*, 364 B.R. 724, 729 (Bankr. D. Idaho 2007); *In re McBride*, 354 B.R. 96, 99 (Bankr. D.S.C. 2006); *In re Bindus*, No. 08-62456, 2008 WL 2902567, * 2 ( Bankr. N.D. Ohio July 8, 2008); *In re Cox*, 07-10787, 2007 WL 4355254, * (Bankr. M.D. Ga. Nov. 29, 2007). Only one court has held that incarceration is the equivalent of a disability. *See In re Lee*, 2008 WL 696591 at *1-2

4

(Bankr. W.D. Tex. March 12, 2008); *cf. In re Vollmer*, 361 B.R. 811, 814-15 (Bankr. E.D. Va. 2007) (noting that imprisonment alone is not a disability sufficient to merit a waiver under § 109(h)(4), but granting waiver where imprisoned debtor truly was unable to participate in required creditor counseling because he had no telephone or computer access).

In the present case, Anderson submitted a document from a prison official stating that the prison would allow him to make a telephone call to a credit counseling agency if it were directed to do so by court order. (Appellant's App.-H.) Accordingly, Anderson has not demonstrated that he is physically prevented from obtaining the required credit counseling.

The bankruptcy court did not misapply the law or rely on clearly erroneous facts in determining that Anderson's incarceration does not meet the requirement for a waiver of the credit counseling requirement pursuant to § 109(h)(4).

B. The bankruptcy court did not miscalculate the amount of time for an extension for Anderson to obtain the credit counseling.

In its May 1, 2008 order, the bankruptcy court granted Anderson a § 109(h)(3) extension of time to file the required certificate. Section 109(h)(3) provides:

(3)(A) Subject to subparagraph (B), the requirements of paragraph (1) shall not apply with respect to a debtor who submits to the court a certification that–

(i) describes exigent circumstances that merit a waiver of the requirements of paragraph (1);

(ii) states that the debtor requested credit counseling services from an approved nonprofit budget and credit counseling agency, but was unable to obtain the services referred to in paragraph (1) during the 5-day period beginning on the date on which the debtor made that request; and

(iii) is satisfactory to the court.

(B) With respect to a debtor, an exemption under subparagraph (A) shall cease to apply to that debtor on the date on which the debtor meets the requirements of paragraph (1), but in no case may the exemption apply to that debtor after the date that is 30 days after the debtor files a petition, except that the court, for cause, may order an additional 15 days.

Anderson asserts that the bankruptcy court erred by not giving him an additional 15 days to file the certification.

> If a debtor faces "exigent circumstances," under § 109(h)(3), the debtor can obtain a postpetition extension of the period to receive credit counseling of up to thirty days, based upon a certification "satisfactory to the court," that the debtor requested, but could not obtain, the required credit counseling services "during the 5-day period beginning on the date on which the debtor made that request." *See e.g., In re Romero*, 349 B.R. 616 (Bankr. N.D. Cal. 2006); *In re Henderson* 339 B.R. 34 (Bankr. E.D.N.Y. 2006); *In re Childs*, 335 B.R. 623 (Bankr. D. Md. 2005). For "cause" shown, the debtor can obtain up to an additional fifteen days postpetition to receive the required credit counseling. *See, e.g., In re Vollmer*, 2007 WL 541747 (Bankr. E.D. Va. February 16, 2007); *In re Miller*, 336 B.R. 232 (Bankr. W.D. Pa. 2006); *In re Williams*, 2005 WL 3752226 (Bankr. E.D. Ark. December 1, 2005).

*In re Mendez*, 367 B.R. 109, 114 (B.A.P. 9th Cir. 2007).

The bankruptcy court's May 1, 2008 order states that "the court is now satisfied that it is appropriate to grant a Section 109(h)(3) extension of the time Debtor may file the required certificate based upon the circumstances of his incarceration and that good cause exists for the additional 15-day extension contemplated therein." (Appellant's App.-E.) Anderson interpreted this language as giving him an additional 15 days to complete the counseling. However, the order concludes by stating: "Therefore, Debtor shall have until **May 9, 2008** to file the required certificate . . . (emphasis in order). " Anderson notes that the May 9, 2008 deadline does not provide him with an additional 15 days to complete the credit counseling and file the certificate.

Section 109(h)(3) gives the bankruptcy court the option of extending the deadline by *up to* an additional 15 days. *See In re Mendez*, 367 B.R. at 114; *In re Burrell*, 229 B.R. 664, 667 (Bankr. W.D. Mich. 2006). The language of the statute is permissive and not mandatory. Accordingly, the fact that the bankruptcy court granted an extension of less than the full 15 days is not clear error. Moreover, it is not clear that the bankruptcy court intended to provide Anderson 15 days from the date of the entry of the order but simply miscalculated the deadline. The bankruptcy court's order emphatically states the deadline.

In the absence of anything in the record establishing that the extension order contained a mistake regarding the deadline intended by the court, the Panel must conclude that the order reflects

the bankruptcy court's intention to extend the deadline only to May 9, 2008, not 15 days beyond entry of the order. Anderson has not shown that the bankruptcy court misapplied the law or relied on clearly erroneous facts in extending the deadline for him to file the certificate to May 9, 2008.

C. The bankruptcy court did not err in failing to enter a specific order directing the Michigan Department of Corrections to allow Anderson to make a telephone call or have Internet access.

Anderson's final assertion of clear error is that the bankruptcy court did not issue a direct order to the Michigan Department of Corrections, requiring the Department of Corrections to allow Anderson to make a telephone call to a credit counseling agency or have internet access to allow credit counseling. However, nothing in the record submitted on appeal shows that Anderson ever made such a request. Accordingly, the court's failure to enter such an order was not error.

## V. CONCLUSION

The bankruptcy court did not abuse its discretion in *sua sponte* dismissing Anderson's bankruptcy case for failure to file a certificate of prepetition credit counseling. The bankruptcy court's order dismissing the case is AFFIRMED.