**In re Martin Antonio SOLOMON, Debtor.**

**No. GM 10–90433.**

United States Bankruptcy Court, W.D. Michigan.

Aug. 23, 2010.

Martin Antonio Solomon, Marquette, Michigan, Pro Se Debtor.

### CORRECTED* MEMORANDUM OPINION DENYING DEBTOR'S MOTION FOR RECONSIDERATION

JAMES D. GREGG, Chief Judge.

#### I. FACTS AND PROCEDURAL BACKGROUND.

On May 24, 2010, Martin Antonio Solomon (the "Debtor") filed a voluntary petition for relief under chapter 7 of the Bankruptcy Code. After filing his bankruptcy petition, the Debtor filed numerous other motions and requests for relief. *See* Dkt. No. 1–37. Several of the motions, such as the Debtor's request for an extension of time to file his schedules and his motion to waive the case filing fee, were granted by the court. The court did not rule on the Debtor's other motions, including his multiple requests for "sanctions" against the Michigan Department of Corrections, Marquette Branch Prison and his motions for "writ of habeas corpus ad testificandum."

The Debtor finally filed his Statement of Compliance with Credit Counseling Requirements ("Statement") on June 30, 2010. In the statement, the Debtor asserted that he was not required to receive credit counseling briefing because he was incarcerated. After carefully reviewing the Debtor's Statement, the Bankruptcy Code, and relevant caselaw, the court entered an order dismissing the Debtor's chapter 7 case on July 16, 2010. (*See* Order Dismissing Case and Modifying Fee Waiver Order, Dkt. No. 41, hereinafter the "Dismissal Order.") In the Dismissal Order, the court explained that the Bankruptcy Code permits a waiver of the prepetition credit briefing requirement under limited circumstances, including "incapacity, disability or active duty in a military combat zone." *See* 11 U.S.C. § 109(h)(4). However, this court held that imprisonment is not a "disability" that merits a waiver of the credit briefing requirement under § 109(h)(4). *See In re Anderson,* 397 B.R. 363, 366–67 (6th Cir. BAP 2008).

In addition to the Debtor's failure to obtain the requisite prepetition credit briefing, the court noted that the numerous motions filed by the Debtor suggested that the Debtor was using his chapter 7 case as a means to get out of jail and litigate various unsupported claims against the Michigan Department of Corrections rather than to obtain a financial fresh start. Indeed, the court noted that it was unable to identify any existing creditors and that the Debtor appeared to be uncollectible and/or judgment proof. Under these circumstances, the court held that the Debtor's case constituted an abuse of process that warranted *sua sponte* entry of the Dismissal Order. *See* 11 U.S.C. § 105(a).

The Debtor filed his Motion to Alter or Amend the Judgment on July 27, 2010. The Debtor's motion asserts that the court should set aside the Dismissal Order for several reasons. In essence, the Debtor argues that this court erred in not ruling on the pending motions for sanctions and the motions for habeas corpus before dismissing the Debtor's underlying chapter 7 case. The Debtor also claims that there were at least four creditors identified in his bankruptcy filings: the Michigan Department of Corrections, the Michigan Court of Appeals, and the United States District Courts for the Eastern and Western Districts of Michigan. Accordingly, the Debtor asserts that this court was mistaken when it commented that there

---

* This court's original Memorandum Opinion Denying Debtor's Motion for Reconsideration, signed on August 16, 2010, misstated the applicable time period under Federal Rule of Bankruptcy Procedure 9023. Although that opinion was served upon the Debtor, it was not entered on the court's docket or released to the public.

were no identifiable creditors in the Debtor's bankruptcy case. The court has carefully reviewed the Debtor's motion and has concluded that oral argument would not materially assist in its determination regarding the requested relief.

## II. DISCUSSION.

Prior to its amendment in December 2009, Federal Rule of Bankruptcy Procedure 9023 required motions to alter or amend a judgment to be filed within ten days of entry of the judgment. However, Bankruptcy Rule 9023, as amended, now provides that a motion to "alter or amend a judgment shall be filed ... no later than 14 days after entry of judgment." FED. R. BANKR. P. 9023. The Debtor's motion was filed eleven days after entry of the Dismissal Order. Therefore, under the prior version of Bankruptcy Rule 9023, the Debtor's motion would have been untimely and would have been analyzed as a request for relief from judgment or order under Federal Rule of Bankruptcy Procedure 9024 and Federal Rule of Civil Procedure 60. *See In re Quality Stores, Inc.,* 272 B.R. 643, 649 (Bankr.W.D.Mich.2002) (When "a party's Rule 59 motion is not filed within the mandatory 10–day period, it is appropriate for a court to consider the motion as a motion for relief from judgment under Rule 60.") (quoting *Feathers v. Chevron U.S.A., Inc.,* 141 F.3d 264, 268 (6th Cir.1998)) (internal quotation marks omitted). The Debtor's motion was timely under amended Bankruptcy Rule 9023, however, and shall be analyzed under that Rule.[1]

 Under Bankruptcy Rule 9023, which incorporates Federal Rule of Civil Procedure 59, alteration or amendment of a judgment is only justified in instances where there is a clear error of law, newly discovered evidence, an intervening change in controlling law, or to prevent manifest injustice. *See GenCorp, Inc. v. American Int'l Underwriters,* 178 F.3d 804, 834 (6th Cir.1999). Motions for reconsideration are "not an opportunity to re-argue a case" and should not be used by the parties to "raise arguments which could, and should, have been made before judgment issued." *Sault Ste. Marie Tribe of Chippewa Indians v. Engler,* 146 F.3d 367, 374 (6th Cir. 1998) (denying a motion for reconsideration under Rule 59); *FDIC v. World Univ. Inc.,* 978 F.2d 10, 16 (1st Cir.1992); *see also Servants of Paraclete v. Does,* 204 F.3d 1005, 1012 (10th Cir.2000) (Rule 60(b) motions "are inappropriate vehicles to reargue an issue previously addressed by the court.").

 Having considered the Debtor's motion under these standards, the court finds no grounds for setting aside its prior Dismissal Order. Because the Debtor failed to obtain prepetition credit counseling prior to the filing of his bankruptcy case, as required by 11 U.S.C. § 109(h)(1), the Debtor was not eligible for chapter 7 relief and his case was properly dismissed. The arguments raised in the Debtor's motion for reconsideration are irrelevant and provide no legally recognizable basis for setting aside the Dismissal Order under Bankruptcy Rule 9023.

## III. CONCLUSION.

The Debtor has failed to demonstrate that he is entitled to relief from the Dismissal Order under Bankruptcy Rule 9023.

---

1. Consideration of the Debtor's motion under Bankruptcy Rule 9023 instead of 9024 will not significantly impact the court's analysis, because "the standards governing these rules overlap to a great extent." *In re Quality Stores, Inc.,* 272 B.R. at 649 n. 11 (citing *In re Barker–Fowler Elec. Co.,* 141 B.R. 929, 935 (Bankr.W.D.Mich.1992)).

The Debtor's motion is DENIED. A separate order shall enter accordingly.