In re TALON AUTOMOTIVE
GROUP, INC., Debtor.

No. 01–52629–R.

United States Bankruptcy Court,
E.D. Michigan,
Southern Division.

Oct. 25, 2002.

---

Joseph M. Fischer, Birmingham, MI, David A. Lawrence, Timmis & Inman PLLC, Detroit, MI, for debtor.

Douglas C. Bernstein, Bloomfield Hills, MI, Kevin C. Calhoun, Lathrup Village, MI, A. Vince Colella, Southfield, MI, Jerri-lann S. Danton, Troy, MI, Mark S. Frankel, Farmington Hills, MI, Gina Baker Hantel, Nashville, TN, Frederick Wm. Heath, Highland, MI, Elliot H. Herskowitz, New York City, Shari L. Heyen, Houston, TX, Rose A. Houk, Lansing, MI, Kim Y. Jefferson, Nashville, TN, David C. Kocab, Detroit, MI, Edward A. Mahl, Southfield, MI, Roy Jay Montney, Jr., St. Clair Shores, MI, James E. Romzek, Bloomfield Hills, MI, Bruce F. Rosenthal, Dearborn, MI, Craig S. Schoenherr, Sr., Sterling Heights, MI, Michael L. Stefani, Frank and Stefani, Troy, MI, Kurt A. Steinke, Sterling Heights, MI, Matthew Wigent, Keego Harbor, MI, Dean Yeotis, Flint, MI, Eliazabeth G. Livingston de, Detroit, MI, for creditors.

Stephen E. Spence, Detroit, MI, for trustee.

Laura J. Eisle, Detroit, MI, Robert Jay Moore, Los Angeles, CA, Ronald L. Rose, Bloomfield Hills, MI, Howard S. Sher, Troy, MI, for counterclaimant.

*Opinion Regarding Motion for Relief from Stay and Injunctive Provisions of Plan*

STEVEN W. RHODES, Chief Judge.

Sheryl Vargo, a former employee of Talon, filed this motion for relief from stay and the injunctive provisions of the debtor's plan. The debtor filed an objection. The Court conducted a hearing on September 9, 2002, and took the matter under advisement.

It is clear that confirmation of the plan of reorganization terminated the automatic stay. *See* 11 U.S.C. §§ 1141(b), (d), 362(c)(2)(C). *See also In re K & M Printing, Inc.,* 210 B.R. 583, 584 (Bankr.D.Ariz. 1997). The request for relief from stay is therefore denied. Moreover, there is no provision in the Bankruptcy Code or in the Bankruptcy Rules for relief from the provisions of a confirmed plan, as Vargo requests. Accordingly, that aspect of Vargo's motion is denied as well. Nevertheless, the Court concludes that because Talon knew of Vargo's claim when it filed bankruptcy and did not give Vargo actual notice of the bankruptcy, her claim was not discharged and the discharge injunction of 11 U.S.C. § 524 does not apply to her claim.

I.

In November 2000, Vargo's employment with Talon was suspended pending discharge following an altercation with another employee. On November 20, 2000, Vargo filed a grievance with her union steward challenging the suspension, as well as Talon's failure to take action with respect to Vargo's claims of sexual harassment by co-workers. A meeting was held on December 19, 2000, between Vargo and representatives of Talon. At that meet-

ing, it was agreed that Vargo would return to work in a different capacity, pending the outcome of her grievance. The agreement was memorialized in a memo dated December 18, 2000.

Subsequently, on June 29, 2001, Talon filed for chapter 11 relief. Vargo was not listed as a creditor and did not receive actual notice of the bankruptcy filing. In July, 2001, Talon published notices of its bankruptcy filing in the Detroit News, the Detroit Free Press and the Wall Street Journal. In September, 2001, Talon published additional notices in the Detroit News, the Detroit Free Press, the Wall Street Journal and Crain's Detroit Business. On August 15, 2001, Talon filed its second amended plan, which was confirmed on November 14, 2001.

On October 12, 2001, Talon sent Vargo a letter terminating her employment. On December 27, 2001, Vargo filed a complaint against Talon in Macomb County Circuit Court. The complaint alleges intentional infliction of emotional distress, sexual harassment, retaliation and wrongful termination.

On January 28, 2002, Talon's counsel sent a letter to Vargo's counsel confirming a telephone conversation in which the parties discussed the issues presented by Talon's bankruptcy and its possible impact on the state court complaint. (See Talon's Br. in Opp., Ex. B.) It was agreed that Talon would not file an answer to the state court complaint and no default would be entered pending review by the parties' respective bankruptcy attorneys.

On March 7, 2002, Talon's bankruptcy counsel sent a letter to Vargo's counsel setting forth his position that pursuant to Talon's confirmed plan, Vargo was enjoined from taking any action against Talon on account of any pre-petition claims.(See Talon's Br. in Opp., Ex. C.)

Talon filed a motion for summary disposition in response to the state court complaint. Talon states that in June, 2002, the state court judge stated that he had no authority to decide the issues presented in the complaint and that the issues should be resolved by the bankruptcy court.

On July 17, 2002, Vargo filed the instant motion.

II.

■ Vargo contends that because Talon knew of her grievance before it filed for bankruptcy protection and failed to list her as a creditor, she is not bound by the terms of the confirmed plan and that her claim is not discharged.

Talon contends that it did not list Vargo as a creditor because it did not believe she had a claim. However, Talon asserts that Vargo did have notice of the bankruptcy because it published notices in newspapers of general circulation in the area. Therefore, Talon contends, Vargo is permanently enjoined by the terms of the confirmed plan from asserting any pre-confirmation claims against it.

Talon further asserts that even if Vargo was not given sufficient notice to permit her to participate in the bankruptcy before confirmation, she was made aware of the bankruptcy in January, 2002, but took no action in the case and did not file a proof of claim at that time. Further, Talon argues that it will be unduly prejudiced if Vargo is permitted to pursue her claim.

III.

Ordinarily, an order confirming a reorganization plan operates to discharge all pre-confirmation unsecured debts and liabilities. *See* 11 U.S.C. §§ 1141 and 524; *Brown v. Seaman Furniture Co., Inc.,* 171 B.R. 26, 27 (E.D.Pa.1994).

Section 524(a) of the Bankruptcy Code provides:

(a) A discharge in a case under this title-

(2) operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect, recover or offset any such debt as a personal liability of the debtor, whether or not discharge of such debt is waived.

11 U.S.C. § 524(a)(2).

In order to enforce the discharge injunction, a debtor must show that the debt was discharged under § 1141(d)(1) of the Bankruptcy Code, which provides in part:

(d)(1) Except as otherwise provided in this subsection, in the plan, or in the order confirming the plan, the confirmation of a plan-

(A) discharges the debtor from any debt that arose before the date of such confirmation, . . . whether or not-

(i) a proof of the claim based on such debt is filed or deemed filed under 501 of this title;

(ii) such claim is allowed under section 502 of this title; or

(iii) the holder of such claim has accepted the plan[.]

11 U.S.C. § 1141(d)(1)(A).

Once confirmed, the plan binds the debtor and all creditors, whether or not a creditor has accepted the plan. 11 U.S.C. § 1141(a).

■ "Discharge under the Code, however, presumes that all creditors bound by the plan have been given notice sufficient to satisfy due process." *Broussard v. First Am. Health Care of Georgia, Inc.* (*In re First Am. Health Care of Georgia, Inc.*), 220 B.R. 720, 723 (Bankr.S.D.Ga.1998). Due process is met if notice is reasonably calculated to reach all interested parties, reasonably conveys all of the required information, and permits a reasonable amount of time for response. *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314, 70 S.Ct. 652, 94 L.Ed. 865 (1950). Thus, if a creditor is not given reasonable notice of the bankruptcy proceeding, its claim cannot be constitutionally discharged. *See In re Longardner & Assocs., Inc.*, 855 F.2d 455, 465 (7th Cir. 1988).

■ What constitutes reasonable notice varies according to the knowledge of the parties. When a creditor is unknown to the debtor, publication notice of the claims bar date may satisfy the requirements of due process. *See Mullane*, 339 U.S. at 317–18, 70 S.Ct. at 659–60. However, if a creditor is known to the debtor, notice by publication is not constitutionally reasonable, and actual notice of the relevant bar dates must be afforded to the creditor. *See City of New York v. New York N.H. & H.R. Co.*, 344 U.S. 293, 296, 73 S.Ct. 299, 97 L.Ed. 333 (1953). "[T]he term 'creditor' in bankruptcy law is sufficiently broad to include a potential creditor[.]" *In re Chicago, Rock Island & Pacific R.R. Co.*, 788 F.2d 1280, 1283 (7th Cir.1986).

In *In re Drexel Burnham Lambert Group, Inc.*, 151 B.R. 674 (Bankr.S.D.N.Y. 1993), the court defined "known" creditors as follows:

Known creditors are defined as creditors that a debtor knew of, or should have known of, when serving notice of the bar date. Among known creditors may be parties who have made a demand for payment against a debtor in one form or another before the compilation of a debtor's schedules. Typically, a known creditor may have engaged in some communication with a debtor concerning the existence of the creditor's claim. This communication by itself does not necessarily make the creditor known. Direct

knowledge based on a demand for payment is not, however, required for a claim to be considered "known." A known claim arises from facts that would alert the reasonable debtor to the possibility that a claim might reasonably be filed against it.

*Id.* at 681. *See also Tulsa Prof'l Collection Servs., Inc. v. Pope,* 485 U.S. 478, 490, 108 S.Ct. 1340, 99 L.Ed.2d 565 (1988); *Mennonite Bd. of Missions v. Adams,* 462 U.S. 791, 798 n. 4, 103 S.Ct. 2706, 77 L.Ed.2d 180 (1983).

Vargo contends that she was a known creditor because Talon knew she had a claim against it as early as November of 2000, when she filed a grievance with her union steward challenging her suspension. She states that when she returned to work in December of 2000, it was pending the resolution of her grievance. This agreement was memorialized in a letter dated December 18, 2000, which stated, in part, "Production Stamping has offered for you to return to work on 12/19/00 as a quality control inspector on the 2nd shift at the Criklewood facility until your grievance is resolved." Talon contends that Vargo's grievance was subsequently resolved, but it has not provided any evidence of such resolution.

The Court concludes, based on the evidence provided, that Vargo's grievance was still pending when the debtor filed its bankruptcy petition in June, 2001. Accordingly, the Court concludes that Vargo was a known creditor and should have been provided with actual notice of the debtor's bankruptcy. Because Talon failed to provide notice to Vargo, due process considerations mandate the conclusion that her claim was not discharged and she is not bound by the terms of the confirmed plan. *See Reliable Elec. Co. v. Olson Constr. Co.,* 726 F.2d 620, 622–23 (10th Cir.1984) (A creditor who does not receive proper notice of the confirmation process cannot constitutionally be bound to the resulting confirmed chapter 11 plan.).[1]

An appropriate order will be entered.

---

1. In *Zirnhelt v. Madaj (In re Madaj),* 149 F.3d 467 (6th Cir.1998), the Court of Appeals held that the exception to discharge under § 523(a)(3)(A) for unlisted debts does not apply to debts in a chapter 7 no-asset case. Section 523(a)(3)(A) excepts from discharge debts "neither listed nor scheduled ... in time to permit ... timely filing of a proof of claim, unless such creditor had notice or actual knowledge of the case in time for such timely filing." *Id.* at 469. The court stated that in a chapter 7 no-asset case, there is typically no deadline for filing a proof of claim, and that therefore, "there is no date by which a proof of claim must be filed in order to be 'timely' and whenever the creditor re-

ceives notice or acquires actual knowledge of the bankruptcy, he may file a proof of claim, [and that claim will be timely.]" *Id.* The court further explained that "[b]ecause § 523(a)(3)(A) excepts the unscheduled debt from discharge 'unless such creditor had notice or actual knowledge of the case in time for such timely filing,' the moment the creditor receives notice or knowledge of the bankruptcy case, § 523(a)(3)(A) ceases to provide the basis for an exception from discharge. Consequently, the debt is at that point discharged." *Id.* at 470.

The *Madaj* decision is inapplicable here because this is not a no-asset case and there was a deadline set for filing proofs of claim.