**Ardian KELLICI; Marsida Kellici, Petitioners,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 02–4402.

United States Court of Appeals, Sixth Circuit.

June 16, 2004.

Linda Hanten, Harrigan & Hanten, Washington, DC, for Petitioners.

Mary Jane Candaux, Jennifer L. Lightbody, U.S. Department of Justice, Office of Immigration Litigation, Washington, DC, for Respondent.

Before: GILMAN and ROGERS, Circuit Judges; and FORESTER, District Judge.*

## ORDER

Ardian and Marsida Kellici, citizens of Albania currently residing in Michigan, petition through counsel for review of an order of the Board of Immigration Appeals denying their motion for reconsideration of the affirmance of an immigration judge's decision denying their requests for asylum, withholding of removal, and relief under the United Nations Convention Against Torture. The parties have waived oral argument, and this panel unanimously agrees that oral argument is not needed in this case. Fed. R.App. P. 34(a).

The Kellicis, husband and wife, were born in Albania in 1963 and 1976, respectively. They attempted to enter this country in 2000 using false passports. They were paroled into the country and placed in removal proceedings after a determination that they presented a claim of a credible fear of persecution if returned to Albania. A hearing was held before an immigration judge (IJ), at which the husband and lead petitioner testified that he feared persecution in Albania based on his political opinion. Petitioner, a physician, recounted that his father was active in Democratic Party politics, and that his brother, a military officer, had been killed in an explosion at a weapons depot he was guarding in May 1997, along with three other victims. The family came to believe that the explosion had been intentionally set by Socialists, but their demands for an investigation were ignored. Petitioner testified that he had received both telephonic and in-person warnings to cease his requests for an investigation of the explosion, and that he had refused. Ultimately, he testified that he was beaten by two men he believed were secret police, and then determined to leave the country with his pregnant wife. Two other brothers had also fled Albania after being threatened or beaten, but his father remained. The IJ denied the requests for relief, concluding that the lead petitioner had not established that any mistreatment he experienced was based on his political opinion, or that, even if he had, he had not established persecution. The Kellicis appealed to the Board of Immigration Appeals (BIA), which affirmed the IJ's decision without opinion. The Kellicis did not seek review of that order by this court, but moved the BIA for reconsideration. The motion was denied, and this petition for review followed. The Kellicis argue that the BIA abused its discretion in denying their motion for reconsideration, while respondent maintains that no abuse of discretion was shown because no new argument was presented in the motion for reconsideration.

 Initially, we note that the original decision affirming the denial of relief cannot be reviewed, as only the denial of reconsideration was appealed. *Stone v. INS*, 514 U.S. 386, 389–90, 115 S.Ct. 1537, 131 L.Ed.2d 465 (1995). The denial of a motion to reconsider is reviewed for an abuse of discretion. *Dawood–Haio v. INS*, 800 F.2d 90, 95 (6th Cir.1986). As noted by the respondent, the Kellicis presented no new argument in their motion for reconsideration that had not already

* The Honorable Karl S. Forester, United States Chief District Judge for the Eastern District of Kentucky, sitting by designation.

been presented and apparently rejected by the BIA in affirming the IJ's denial of relief. Even if the underlying decision of the IJ were reviewable, it could not be argued that the evidence presented in this case compelled a resolution contrary to that reached by the IJ, where this court has held that a single beating is insufficient to establish past persecution, and that the fact that family members remain in the home country unharmed weighs against a finding of a fear of future persecution. *Gumbol v. INS*, 815 F.2d 406, 412–13 (6th Cir.1987). Because the Kellicis have not established any abuse of discretion by the BIA in denying their motion for reconsideration, the petition for review is denied.