**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 06a0129n.06
Filed: February 16, 2006

**No. 04-4163**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

ABOUBACAR CAMARA,

    **Petitioner,**

v.

ALBERTO GONZALES, United States
Attorney General,

    **Respondent.**

ON APPEAL FROM THE BOARD OF
IMMIGRATION APPEALS

_____/

**BEFORE:**    **RYAN, CLAY, and GILMAN, Circuit Judges.**

    **CLAY, Circuit Judge.**  Petitioner, Aboubacar Camara, appeals an August 26, 2004 order

of the Board of Immigration Appeals ("BIA") denying Petitioner's motion for reconsideration.

Petitioner moved for reconsideration after the BIA rejected his claims for asylum and withholding

of removal under the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1101 *et seq.*, and

withholding of removal under the Convention Against Torture ("CAT"), 18 U.S.C. § 2340 *et seq*.

Petitioner argues that this Court should grant his petition for review of the BIA's August 26, 2004

order because it was improper and denied Petitioner due process of law.  For the reasons set forth

below, we **DENY** the petition for review.

# I.
# BACKGROUND

## A.     Procedural History

On December 3, 1999 the Immigration and Nationality Service ("INS") commenced removal proceedings against Petitioner by issuing a notice to appear.  Thereafter, Petitioner conceded removability and requested  asylum and withholding of removal under the INA and withholding of removal under CAT.  On April 2, 2003, after an evidentiary hearing, an Immigration Judge ("IJ") rendered an oral decision denying Petitioner's requested relief.  Petitioner appealed the IJ's decision to the BIA.  On June 30, 2004, a single BIA member issued a summary affirmation of the IJ's decision without opinion, pursuant to 8 C.F.R. 1003.1(e)(4).  Shortly thereafter, Petitioner timely moved the BIA to reconsider its affirmation of the IJ's decision.  On August 26, 2004, the BIA denied Petitioner's motion for reconsideration.  Petitioner timely filed a petition for review of the motion for reconsideration with this Court.

## B.     Substantive Facts

Petitioner is a native and citizen of Guinea.  He entered the United States on December 7, 1997 with legal authorization to remain in the United States until June 6, 1998.  Petitioner remained in the United States beyond the authorized period.  Petitioner alleges that he remained in the United States because he faces a well-founded fear of persecution on the basis of his political opinion if returned to Guinea.

Petitioner testified at his merits hearing that he was a member of the Guinean People's Gathering Party ("RPG"), and additionally, that he is related to Mr. Conde, the head of the RPG.

According to Petitioner, the RPG opposes Guinea's government. Petitioner alleges that he was beaten on several occasions for his membership in the RPG.

The IJ denied Petitioner's request for asylum and withholding of removal on the ground that Petitioner's request was untimely, and that Petitioner had failed to establish that he had a well-founded fear of persecution. The IJ held that Petitioner had failed to establish a well-founded fear of future persecution because: (1)Petitioner's testimony was not credible; (2) even if Petitioner's testimony was credible it did not establish a well-founded fear of future persecution because Petitioner's treatment did not rise to the level of persecution; and (3) country conditions had changed since Petitioner was ill-treated by the Guineese government. The BIA affirmed the IJ's decision, and thereafter, denied Petitioner's request to reconsider its affirmation. Petitioner now appeals the BIA's denial of his motion to reconsider. He argues that the BIA's denial of his motion to reconsider was improper because: (1) his asylum application should have been granted on the merits; and (2) the BIA's use of summary procedures violated his due process rights.

## II.
## DISCUSSION

**A.      This Court Does Not Have Jurisdiction to Review The BIA's Order Affirming The IJ's Denial of Petitioner's Application for Asylum and Withholding of Removal**

This Court does not have jurisdiction to review the BIA's June 30, 2004 denial of Petitioner's requests for asylum and withholding of removal. In order for this court to have jurisdiction to review an order of the BIA, a petitioner must file a notice of appeal with this Court within 30 days of the BIA's issuance of the decision. 8 U.S.C. § 1252(a)(5), (b)(1); *Stone v. INS*, 514 U.S. 386, 393-94 (1995); *Zhang v. INS*, 348 F.3d 289, 292 (1st Cir. 2003) (applying *Stone* to

3

INA after 1996 amendments to the INA); *Kellici v. Aschcroft*, 101 F. App'x 615, 616 (6th Cir. 2004) (unpublished) (same). To date, Petitioner has not filed a notice of appeal of the BIA's June 30, 2004 decision denying Petitioner's requests for asylum and withholding of removal. Instead, Petitioner moved the BIA to reconsider the June 30, 2004 decision and then appealed the denial of the motion to reconsider. An appeal of a motion to reconsider, however, is not a substitute for an appeal of the original decision and does not give this Court jurisdiction to review the denial of the original decision. 8 U.S.C. § 1252(a)(5), (b)(1); *Stone,* 514 U.S. at 393-94; *Zhang*, 348 F.3d at 292 n.2; *Kellici*, 101 F. App'x at 616. Therefore, we do not have jurisdiction to review the merits of Petitioner's requests for asylum and withholding of removal.

**B.     The BIA's Denial of Petitioner's Motion for Reconsideration Did Not Deny Petitioner Due Process of Law[1]**

Petitioner contends that the BIA's streamlining procedures violate the Due Process Clause. The BIA's streamlining procedures allow a single member of the BIA to review an IJ's decision and to affirm the decision without opinion. Petitioner challenges three aspects of the procedures: (1) the ability of a single member of the BIA, as opposed to a three member panel, to issue a decision on behalf of the BIA; (2) the ability of the BIA to affirm an IJ's decision without an opinion; and (3) the standard of review used by the BIA when reviewing appeals under the procedures. For the reasons discussed below, this Court has jurisdiction to address only the first of Petitioner's

---

[1]Petitioner's statement of issues also indicates that Petitioner is making an Equal Protection challenge. Petitioner, however, has failed to preserve any equal protection argument for this Court's review because the argument section of Petitioner's brief does not once mention the Equal Protection Clause. *United States v. Layne*, 192 F.3d 556, 566 (6th Cir. 1999) (holding that issues not fully developed or argued on appeal are waived for appellate review).

challenges to streamlining procedures, the ability of a single member of the BIA to issue a decision on behalf of the BIA. Because we find that decisions issued by a single BIA member do not violate due process, we deny the petition for review.

### 1. Jurisdiction

This Court has jurisdiction to address the constitutionality of the streamlining procedures only as those procedures apply to Petitioner's motion for reconsideration, and not as the streamlining procedures apply to the denial of Petitioner's appeal of the IJ's decision because, as discussed in the previous section, the only appeal properly before this Court is the BIA's denial of Petitioner's motion for reconsideration. Although Petitioner challenges three aspects of the streamlining procedures, only one of these aspects is relevant to the denial of Petitioner's motion for reconsideration, the ability of a single member of the BIA to issue a decision on behalf of the BIA. Petitioner cannot challenge the Board's summary affirmation procedures or the standard of review applied to IJ decisions because the Board's denial of Petitioner's motion for reconsideration did not employ summary affirmation or any standard of review. These challenges are relevant only to the BIA's denial of Petitioner's requests for asylum and withholding of removal, which are not properly before this Court. Therefore, we address only the issue of whether the issuance of an opinion by a single BIA member violates Petitioner's constitutional rights.[2]

### 2. Analysis

#### a. Procedural Due Process

---

[2]In any case, this Court has already rejected the argument that these summary affirmation procedures violate due process, *Denko v. INS*, 351 F.3d 717, 730 (6th Cir. 2003).

The issuance of a decision by a single member of the BIA on behalf of the entire BIA does not violate Petitioner's procedural due process rights. *See generally Denko*, 351 F.3d at 729 ("the BIA's streamlining procedures do not themselves alone violate an alien's right to due process"). The Due Process Clause of the Fifth Amendment protects aliens physically present in the United States as well as citizens. *Landon v. Plasencia,* 459 U.S. 21, 32-33 (1982); *Mathews v. Diaz*, 426 U.S. 67, 77 (1976). Procedural due process rights attach whenever a petitioner asserts a protected liberty or property interest. See *Bangura v. Hansen*, – F.3d – , 2006 WL 11939, at * 5 (6th Cir. 2006); *see also Almario v. INS*, 872 F.2d 147, 151 (6th Cir. 1989). To establish a protected liberty or property interest, the petitioner must demonstrate that the Constitution or a federal or state statute grants him a protected right**.** *See Bangura*, 2006 WL 11939 at *5; *see also Almario*, 872 F.2d at 151. Once a petitioner establishes that he or she has a protected property interest, courts apply the balancing test from *Matthews v. Eldridge*, 424 U.S. 319 (1976), to determine if the petitioner received adequate process. *Denko*, 351 F.3d at 730 n. 10. Under *Matthews*, courts consider: (1) the private interests affected by the official action; (2) the government's interest, including fiscal and administrative burdens, in granting additional process; (3) the risk of erroneous deprivation under current procedures; and (4) the additional value of any new procedures. *Id*

In this case, Petitioner fails to establish a procedural due process violation because Petitioner cannot show that requiring a three-member panel to hear his motion for reconsideration would decrease the risk of improper removal. *Denko*, 351 F.3d at 730 n. 10. Although Petitioner does have a protected interest in remaining in the United States, *Reno v. Flores*, 507 U.S. 292, 306 (1993), Petitioner's right to appeal his order of removal to a panel of this Court provides sufficient

protection from improper removal. *Denko*, 351 F.3d at 730 n. 10. Therefore, we find that Petitioner's procedural due process claim is meritless and does not provide this Court with grounds to grant a petition for review.

### b.    Substantive Due Process

In addition to arguing that the summary affirmation procedures violate procedural due process, Petitioner seems to be arguing that the streamlining procedures violate his substantive due process rights in that the procedures deprive him of the fundamental right to take an interagency appeal. There is no fundamental right, however, to interagency appeals. As the Petitioner correctly notes, rights that are "deeply rooted in this Nation's history and tradition, and implicit in the concept of ordered liberty, such that neither liberty nor justice would exist if they were sacrificed," are fundamental. *Hamby v. Neel*, 368 F.3d 549, 566 (6th Cir. 2004). The right to interagency appeals simply is not such a right. *See Denko*, 351 F.3d 729 (citing cases from other circuits that hold there is no constitutional right to appeal to the BIA). Therefore, Petitioner fails to establish a substantive due process claim.

### c.    Policy Arguments

Petitioner spends most of his brief making policy arguments against the streamlining procedures and predicting the demise of our federal system of government. For instance, Petitioner describes the streamlining procedures as "Orwell's horrific vision of the future being implemented before our very eyes." (Final Br. of Pet'r 19.) Petitioner further predicts that the streamlining procedures will eventually lead to the complete erosion of all judicial review. This Court, however, does not have the authority to overturn federal regulations based on policy arguments, nor do the

writings of George Orwell or any other fiction writer provide this Court with any legal authority.

**C.      Petitioner Has Waived The Argument That The BIA Abused Its Discretion in Denying His Motion to Reconsider**

Petitioner has waived any argument that the BIA abused its discretion in denying his motion to reconsider.  Issues that are not fully developed and argued on appeal or that are argued in a perfunctory manner are waived for appellate review.  *United States v. Layne*, 192 F.3d 556, 566 (6th Cir. 1999).  Petitioner's brief presents a ten page policy argument on why this Court should "strike down" the regulation streamlining BIA review of IJ decisions, another several pages on a substantive due process, and finally addresses the merits of the BIA's June 20, 2004 denial of Petitioner's requests for asylum and withholding.  It presents no legal or factual argument that the BIA abused its discretion when it denied Petitioner's motion for reconsideration in the August 26, 2004 order.  Therefore, this Court will not address Petitioner's claim.

**III.**
**CONCLUSION**

For the foregoing reasons, we **DENY** the petition for review.