RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 17b0007p.06

# BANKRUPTCY APPELLATE PANEL

## OF THE SIXTH CIRCUIT

IN RE: SHANE M. HAFFEY, dba Sandlin Farms,

*Debtor*.

SHANE HAFFEY,

*Appellant*,

*v*.

SAMUEL K. CROCKER, United States Trustee;
DEUTSCHE BANK TRUST COMPANY AMERICAS,

*Appellees*.

Nos. 15-8018/8027

Appeal from the United States Bankruptcy Court
for the Eastern District of Kentucky at Lexington.
No. 14-50824—Gregory R. Schaaf, Judge.

Argued: August 22, 2017

Decided and Filed: November 28, 2017

Before: HUMPHREY, OPPERMAN and PRESTON, Bankruptcy Appellate Panel Judges.

_____

## COUNSEL

**ARGUED:** Heather McKeever, Lexington, Kentucky, for Appellant. Carrie Ann Rohrscheib, DEPARTMENT OF JUSTICE, Memphis, Tennessee, for Appellee Samuel K. Crocker. Edmund S. Sauer, BRADLEY ARANT BOULT CUMMINGS LLP, Nashville, Tennessee, for Appellee Deutsche Bank. **ON BRIEF:** Heather McKeever, Lexington, Kentucky, for Appellant. Carrie Ann Rohrscheib, DEPARTMENT OF JUSTICE, Memphis, Tennessee, for Appellee Samuel K. Crocker. Edmund S. Sauer, BRADLEY ARANT BOULT CUMMINGS LLP, Nashville, Tennessee, for Appellee Deutsche Bank.

---

**OPINION**

---

C. KATHRYN PRESTON, Bankruptcy Appellate Panel Judge. In these consolidated appeals, Debtor Shane Haffey ("Debtor"), appeals the dismissal of his chapter 12 bankruptcy case. He asserts that he was denied due process when the Bankruptcy Court dismissed his case following an expedited hearing. Assistant United States Trustee John Daugherty ("Trustee"), and creditor Deutsche Bank Trust Company Americas ("Deutsche Bank") assert that dismissal was appropriate given that the case had been pending over a year, Debtor was not profitable, Debtor was unable to propose a confirmable plan, and Debtor had engaged in dilatory tactics. For the reasons stated below, the Panel AFFIRMS.

## ISSUES ON APPEAL

1. Whether the Bankruptcy Court violated the Debtor's due process rights by holding a hearing on June 2, 2015, on issues that had been scheduled to be heard on June 25, 2015, without giving Debtor adequate notice and opportunity to be heard?

2. Whether the Bankruptcy Court erred by dismissing the chapter 12 case pursuant to 11 U.S.C. § 1208?

## JURISDICTION AND STANDARD OF REVIEW

The Bankruptcy Appellate Panel of the Sixth Circuit ("BAP") has jurisdiction to decide this appeal. The United States District Court for the Eastern District of Kentucky has authorized appeals to the Panel, and neither party has timely elected to have this appeal heard by the district court. 28 U.S.C. §§ 158(b)(6), (c)(1). A final order of the bankruptcy court may be appealed as of right pursuant to 28 U.S.C. § 158(a)(1). The Bankruptcy Court's order dismissing the Debtor's case is a final, appealable order. *In re Anderson*, 397 B.R. 363, 365 (B.A.P. 6th Cir. 2008).

The question whether a bankruptcy court has committed a due process violation is reviewed under a de novo standard. *See In re Royal Manor Mgmt., Inc.*, 525 B.R. 338, 346

(B.A.P. 6th Cir. 2015), *aff'd sub nom.*, *Grossman v. Wehrle* (*In re Royal Manor Mgmt., Inc.*), 652 F. App'x. 330 (6th Cir. 2016), *cert. denied*, 137 S Ct. 831 (2017). *See United States v. Sanders*, 452 F.3d 572, 576 (6th Cir. 2006) ("A due process claim raising a mixed question of law and fact is reviewed *de novo*.")

The Bankruptcy Court's dismissal of Debtor's case is reviewed for an abuse of discretion. *Pertuset v. Am. Sav. Bank, FSB* (*In re Pertuset*), No. 10-8024, 2010 WL 3422455, at *1 (B.A.P. 6th Cir. Aug. 24, 2010). "'An abuse of discretion occurs only when the [trial] court relies upon clearly erroneous findings of fact or when it improperly applies the law or uses an erroneous legal standard.'" *Kaye v. Agripool, SRL* (*In re Murray, Inc.*), 392 B.R. 288, 296 (B.A.P. 6th Cir. 2008) (quoting *Volvo Commercial Fin. LLC the Americas v. Gasel Transp. Lines, Inc.* (*In re Gasel Transp. Lines, Inc.*), 326 B.R. 683, 685 (B.A.P. 6th Cir. 2005)). "The question is not how the reviewing court would have ruled, but rather whether a reasonable person could agree with the bankruptcy court's decision; if reasonable persons could differ as to the issue, then there is no abuse of discretion." *Behlke v. Eisen (In re Behlke)*, 358 F.3d 429, 438 (6th Cir. 2004) (citation omitted). "The findings of a bankruptcy court which support dismissal of the bankruptcy case are factual determinations which are reviewed under the clearly erroneous standard." *In re Cline*, No. 11-8075, 2012 WL 1957935 (B.A.P. 6th Cir. June 1, 2012) (quoting *Riverview Trenton R.R. Co. v. DSC, Ltd.* (*In re DSC, Ltd.*), 486 F.3d 940, 944 (6th Cir. 2007) (internal citations and quotation marks omitted)).

## FACTS

Debtor and his non-debtor spouse Heather McKeever ("McKeever") own and operate a livestock and horse farm in Lexington, Kentucky known as Sandlin Farms. Debtor and McKeever have filed several lawsuits over the years in an attempt to invalidate the mortgage of Deutsche Bank against the property. All attempts have failed. Most recently, the United States Supreme Court denied certiorari of the Sixth Circuit Court of Appeals' affirmance of a district court order granting summary judgment to Deutsche Bank and dismissing Debtor and his wife's complaint against Deutsche Bank.

Sandlin Farms purportedly filed a petition for relief under chapter 12 of the Bankruptcy Code on April 2, 2014. Shortly after filing, Debtor amended the petition to name himself individually, d/b/a Sandlin Farms, as the debtor. Approximately five months after the case was filed, Debtor filed a chapter 12 plan. The plan did not propose to pay the mortgage loan on the farm property, declaring that the lien was not valid and, as a result, there existed no claim. The plan also failed to propose payment of a mortgage loan on property in South Carolina claiming that the lien against that property also was invalid. Creditors Deutsche Bank and Bank of America objected.

Debtor requested and was granted a continuance of the confirmation hearing on his proposed plan in order to file adversary proceedings to avoid the liens on both properties. Debtor filed the adversary complaints on October 22, 2014.

Trustee filed a motion to dismiss the chapter 12 case on January 29, 2015 due to inaccurate monthly reports and Debtor's inability to generate sufficient income to implement his plan if the liens were determined valid. The Bankruptcy Court initially scheduled a hearing for February 19, 2015. Debtor filed a response to the motion on February 17, 2015. Debtor requested a continuance on the hearing on the motion to dismiss until after April 15, 2015. Trustee reluctantly agreed due to adverse weather conditions on the date that the hearing was to originally occur.

The Bankruptcy Court dismissed the adversary proceeding against Deutsche Bank on February 2, 2015, holding that the adversary proceeding was barred by res judicata. Debtor appealed.[1] On March 30, 2015, Debtor voluntarily dismissed the adversary proceeding against Bank of America challenging the lien on the South Carolina property. Following the dismissal of the adversary proceedings, Debtor did not take any action to re-notice the confirmation hearing or amend the plan.

---

[1]Debtor's appeal from the February 2, 2015 order was docketed as BAP Case No. 15-8005. Upon the parties' request, that case was held in abeyance by the BAP pending resolution of a related case by the Sixth Circuit Court of Appeals. BAP Case No. 15-8005 was dismissed with prejudice by stipulation of the parties on February 9, 2017.

On April 8, 2015, Debtor filed a motion to stay proceedings in the chapter 12 case pending appeal of the dismissal of his adversary proceeding against Deutsche Bank. On April 23, 2015, the Bankruptcy Court held a hearing on the motion for stay pending appeal. The Bankruptcy Court denied the motion and entered an order setting an evidentiary hearing on the Trustee's motion to dismiss for cause pursuant to 11 U.S.C. § 1208. The hearing was scheduled for June 25, 2015 with discovery to be completed by June 11, 2015. Debtor appealed again.[2]

On April 28, 2015, Trustee emailed Debtor's attorney, Richard Getty ("Getty"), and asked for Debtor's availability within the next three weeks for a deposition. Receiving no response from Debtor's counsel, on May 5, 2015, Trustee filed notices to take the deposition of Debtor on May 19, 2015, and McKeever on May 20, 2015. Trustee's certificate of service of McKeever's subpoena shows that she was served in person at the South Carolina property.

In an email to Trustee on May 13, 2015, McKeever indicated that they had spoken that morning regarding her subpoena. McKeever acknowledged receipt of the subpoena and professed an inability to travel due to health issues. She indicated a willingness to meet in-person in mid-June. On May 15, 2015, Trustee responded via email noting that, as stated in their previous conversation, he was willing to work out a day and time for a deposition prior to the June 11 deadline and was willing to conduct the deposition by video conference in Charleston SC, Columbia, SC, or Savannah, GA. He asked for availability between May 20, 2015 and June 4, 2015 to conduct the deposition.

Emails between Debtor's attorney and Trustee dated May 15, 2015 showed that Debtor's counsel requested and Trustee agreed to reschedule Debtor's deposition for May 28, 2015. The certificate of service of the Amended Notice of Deposition *Duces Tecum* of Shane Haffey filed on May 15, 2015 indicated that service was provided through ECF.

---

[2]Debtor's appeal from the April 23, 2015 order was docketed as BAP Case No. 15-8018. Trustee and Deutsche Bank filed a motion to dismiss the appeal for lack of jurisdiction based on finality and mootness, but by then the chapter 12 case had been dismissed and a third appeal filed (BAP Case No. 15-8027). The Panel consolidated the appeals and referred the motion to dismiss to the merits panel. Case No. 15-8018 is now moot and shall be dismissed by separate order.

On May 19, 2015, Getty filed an emergency motion to withdraw as attorney for Debtor. In the motion, Getty stated that on May 19, 2015, he received instruction from Debtor "to withdraw immediately." The motion requested reasonable time for Debtor to find new counsel and also requested all future service be sent to Debtor at the farm address in Lexington. The motion requested a hearing on May 21, 2015, noting the urgency due to the upcoming June 25, 2015 hearing regarding dismissal of the case.

On May 20, 2015, an email exchange between McKeever and Trustee showed that McKeever was aware of Getty's motion to withdraw and the request for the May 21, 2015 hearing. In her email, McKeever did not indicate any objection to the motion for withdrawal and stated that "[i]f the Motion is Granted, both Mr. Haffey and I will be free to work with you directly and meet with you in your office in [L]exington after June 10, 2015." Trustee responded that he did not oppose Getty's motion to withdraw but still intended to move forward with Debtor's deposition on May 28, 2015. In her email response, McKeever stated that Debtor's daughter's graduation was that week and asserted that Getty had not consulted with Debtor prior to scheduling the deposition for May 28, 2015. In his email back to McKeever, Trustee again indicated a willingness to accommodate Debtor and McKeever by conducting video depositions near the South Carolina property and again asked for their availability.

On May 26, 2015, Trustee sent an email to Debtor asking for confirmation that Debtor would appear at the May 28, 2015 deposition in Lexington, KY, and asking for immediate contact if Debtor did not plan to appear. Debtor responded on May 27, 2015 stating that he was in South Carolina for his daughter's graduation. Debtor also informed Trustee of a motion Debtor filed on May 26, 2015 seeking to alter or amend the order granting withdrawal of his attorney because it did not cancel the June 25, 2015 hearing or give him reasonable time to find new counsel. Trustee responded that he was skeptical of the reasons Debtor had given to avoid the deposition and that he would file a motion for sanction seeking dismissal of the case if Debtor did not provide Trustee with a date and time for a deposition between May 29, 2015 and June 4, 2015. McKeever responded to Trustee's email and included scanned copies of the announcements of the graduation events that were occurring. The attached announcements reflected graduation related ceremonies on Thursday, May 21, 2015 at 8:30 a.m., Sunday, May

31, 2015 at 3:00 p.m. and Friday, June 5, 2015 at 10:00 a.m. McKeever again reiterated their willingness to meet after June 11, 2015. Her email did not address why Debtor and McKeever were not willing to participate in a deposition in between graduation activities.

Debtor did not appear for his deposition on May 28, 2015. That same day Trustee filed a Motion for Dismissal as a Sanction for Failure to Cooperate with Discovery ("Motion for Sanction"). Trustee requested dismissal of the case. Trustee also filed a Motion to Shorten Time for hearing on the Motion for Sanction. Both the Motion for Sanction and the Motion to Shorten Time included a "Notice of Hearing" that set a hearing date of June 2, 2015. Additionally, Trustee filed an objection to Debtor's motion to alter or amend. Trustee's certificates of service of all three documents reflected that he served both Debtor and McKeever via United States Postal Service ("USPS") at both the Kentucky and South Carolina addresses, and emailed the documents to the two email addresses through which Debtor and McKeever had been communicating.

On May 29, 2015 the Bankruptcy Court entered an order setting a hearing on the motion to alter or amend and the objection for June 2, 2015 and striking but not resetting the hearing on the motion to dismiss set for June 25, 2015. The certificate of service shows service on Debtor by USPS at both the Kentucky and South Carolina addresses. Additionally, Trustee testified at the June 2, 2015 hearing that he emailed the order to Debtor and McKeever at their respective email addresses.

On June 2, 2015, the Bankruptcy Court held a hearing. Debtor did not appear. Trustee and the Chapter 12 Trustee John Lyon were present. The Bankruptcy Court queried Trustee "how the Debtor would have received notice of the matters on for today." (Hr'g Tr. at 5:14–15, Bankr. Case No. 14-50824, June 2, 2015.) Trustee responded that he had served Debtor via USPS and email. The Bankruptcy Court noted that it had not received a request from Debtor to appear telephonically. The CM/ECF Docket contains a letter from Debtor dated June 1, 2015 and sent to the Court via overnight courier. In the letter, Debtor acknowledged that he received an email from Trustee that threatened a motion for sanction and indicated a hearing date for June 2, 2015. But Debtor asserted that as of noon on June 1, 2015, he had not received documents from either the Bankruptcy Court or Trustee via USPS. Debtor further suggested that if a

hearing were to be held, he considered it a due process violation. He also attached some (but not all) of the emails between himself, McKeever, and Trustee regarding the attempt to schedule depositions. The attached emails did not include emails reflecting Trustee's attempt to schedule a video conference nor did they illustrate why Debtor would not agree to one. It appears that this letter was received by the Bankruptcy Court after the hearing had already been held. Following the hearing, the Bankruptcy Court took the matter under advisement.

On June 5, 2015, the Bankruptcy Court issued a written opinion and order. The Bankruptcy Court dismissed the case pursuant to 11 U.S.C. § 1208(c) based on (1) an inability to present a timely confirmable plan; (2) a clear record of unreasonable and prejudicial delay; and (3) a continuing loss to the estate without a reasonable likelihood of rehabilitation. While finding the Motion for Sanction moot, the Bankruptcy Court also noted:

> [t]he facts could easily support dismissal as a sanction pursuant to *Bass v. Jostens, Inc.*, 71 F.3d 237, 241 (6th Cir. 1995). The record shows the Debtor ha[d] no genuine intention of appearing for a deposition and the Debtor's delay tactics [made] it impossible for the United States Trustee to timely comply with the evidentiary hearing deadlines.

(Op. at 9, Bankr. Case No. 14-50824 ECF No. 148.) On June 18, 2015, Debtor timely filed a notice of appeal to the BAP.

**DISCUSSION**

I.      Due Process

The landmark case on the issue of due process of law regarding adequate and fair notice is *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 70 S. Ct. 652 (1950), in which the Supreme Court said:

> An elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections. The notice must be of such nature as reasonably to convey the required information, and it must afford a reasonable time for those interested to make their appearance. But if with due regard for the practicalities and peculiarities of the case these conditions are reasonably met, the constitutional requirements are satisfied. "The criterion is not

the possibility of conceivable injury, but the just and reasonable character of the requirements, having reference to the subject with which the statute deals."

*Id*. at 314–15 (citations omitted) (*quoting Am. Land Co. v. Zeiss*, 219 U.S. 47, 67, 31 S. Ct. 200, 207 (1911)).

Before a chapter 12 bankruptcy case can be dismissed for cause, the Bankruptcy Code requires "notice and a hearing." 11 U.S.C. § 1208(c). Bankruptcy Rule 2002(a)(4) requires that the debtor be given notice by mail at least twenty-one days prior to a hearing on dismissal of the case. Fed. R. Bankr. P. 2002(a)(4). However, the Bankruptcy Rules also grant bankruptcy courts discretion to modify this twenty-one day time period. Bankruptcy Rule 9006(c)(1) states:

> [W]hen an act is required or allowed to be done at or within a specified time by these rules or by a notice given thereunder or by order of court, the court for cause shown may in its discretion with or without motion or notice order the period reduced.

Fed. R. Bankr. P. 9006(c)(1). "[A] fundamental purpose of the Federal Rules of Bankruptcy Procedure is to set forth what process is due in various categories of bankruptcy matters." *In re Stacy*, 405 B.R. 872, 878 (Bankr. N.D. Ohio 2009) (citations omitted).

Initially, the motion to dismiss pursuant to § 1208 was scheduled for hearing on June 25, 2015. Debtor received notice more than twenty-one days regarding that hearing. However, the Bankruptcy Court cancelled that hearing and instead considered the question of dismissal for cause at a hearing on June 2, 2015. The Bankruptcy Court neither ordered a reduction of the notice period nor informed Debtor that the Bankruptcy Court would take up the issue at the June 2, 2015 hearing. Thus, Debtor was denied due process.

The notice provided by Trustee regarding the hearing on the motion for sanction did not provide notice that the Bankruptcy Court would consider dismissal pursuant to § 1208. The record reflects that Trustee provided notice of his Motion for Sanction and his Motion to Shorten Time by sending them via email as well as USPS. These motions contained a "Notice of Hearing" for June 2, 2015. While email may be a proper form of service, a motion commencing a contested matter, such as the Motion to Sanction, is required to be served in the manner provided for service of a summons and a complaint by Federal Rule of Bankruptcy Procedure

7004. Nevertheless, Trustee's use of email, as well as USPS indicates a desire to provide Debtor with as much actual notice as possible under the circumstances. This notice by Trustee was served upon Debtor in a manner reasonably calculated to inform him of Trustee's intention to seek dismissal of the case due to Debtor's lack of cooperation in the discovery process related to the scheduled evidentiary hearing. However, this notice, provided via email, two business days prior to a hearing, which also did not inform Debtor of all issues to be considered, was not sufficient notice to satisfy due process under the circumstances.

On Friday May 29, 2015, the Bankruptcy Court entered an order setting hearing, which scheduled a hearing on Debtor's motion to alter or amend for June 2, 2015. The Bankruptcy Court mailed notice of the order setting hearing on the same day it was entered. However, mailing notice to Debtor on Friday May 29, 2015 for a Tuesday June 2, 2015 hearing was not calculated to give Debtor reasonable notice of the hearing and an opportunity to be heard. Moreover, even if the amount of time had been sufficient, the order did not clearly convey the issues to be taken up. Nowhere in that order did the Bankruptcy Court state that it was granting Trustee's motion to shorten time or that it would hear the motion for sanction on June 2, 2015. Nor did it state that a hearing would be held on the motion to dismiss for cause pursuant to § 1208. In fact, the order setting hearing cancelled the June 25, 2015 hearing on the motion to dismiss for cause. While it appears that the Bankruptcy Court intended to advance this hearing to June 2, 2015, Debtor could have reasonably inferred that the Bankruptcy Court was actually cancelling the June 25, 2015 hearing in order to give him more time to hire a new attorney, which Debtor had requested in his motion to alter or amend. Notice which does not clearly convey the issues to be taken up is not sufficient. *In re Talon Auto. Grp., Inc*., 284 B.R. 622, 625 (Bankr. E.D. Mich. 2002) ("Due process is met if notice is reasonably calculated to reach all interested parties, reasonably conveys all of the required information, and permits a reasonable amount of time for response.") (citing *Mullane*, 339 U.S. at 314).

Although it appears reasonably clear to the Panel that Debtor had some actual notice that a hearing would occur on June 2, 2015, the notice provided to Debtor was not reasonably calculated to give him sufficient notice of exactly what issues would be addressed at that hearing. Nor was the notice reasonably calculated to give him an opportunity to be heard. The

Bankruptcy Court violated Debtor's due process right to notice and a hearing prior to dismissal of his chapter 12 case for cause.

II.        Harmless Error

"Due process is required to prevent, to the extent possible, an **erroneous** deprivation of property." *Garcia v. Fed. Nat'l Mortg. Ass'n*, 782 F.3d 736, 741 (6th Cir. 2015) (emphasis added) (citing *Gilbert v. Homar*, 520 U.S. 924, 930–32, 117 S. Ct. 1807, 1811-12 (1997) (due process calls for such procedural protections as the situation demands)).

> Some courts have indeed held that "a party who claims to be aggrieved by a violation of procedural due process must show prejudice." *Perry v. Blum*, 629 F. 3d 1, 17 (1st Cir. 2010). Other courts have held otherwise that "a due process violation cannot constitute harmless error." *In re New Concept Hous., Inc.*, 951 F.2d 932, 937 n.7 (8th Cir. 1991); *see Fuentes v. Shevin*, 407 U.S. 67, 87, 92 S. Ct. 1983, 32 L. Ed. 2d 556 (1972) ("The right to be heard does not depend upon an advance showing that one will surely prevail at the hearing.").

*In re Motors Liquidation Co.*, 829 F.3d 135, 161 (2d Cir. 2016), c*ert. denied sub nom. Gen. Motors LLC v. Elliott*, 137 S. Ct. 1813 (2017). *See Aja v. Fitzgerald (In re Aja)*, 441 B.R. 173, 179–80 (B.A.P. 1st Cir. 2011) (suggesting that even if there had been a due process violation because of shortened notice, such error would be harmless under the facts of the case). *See also Rosson v. Fitzgerald* (*In re Rosson*), 545 F.3d 764, 777 (9th Cir. 2008) ("Because there is no reason to think that, given appropriate notice and a hearing, Rosson would have said anything that could have made a difference, Rosson was not prejudiced by any procedural deficiency."); *City Equities Anaheim, Ltd. v. Lincoln Plaza Dev*. Co. (*In re City Equities Anaheim, Ltd.*), 22 F.3d 954, 959 (9th Cir. 1994) (rejecting due process claim for lack of prejudice where debtor could not show that any different or additional arguments would have been presented if the bankruptcy court had timely approved petition for new counsel); *Sanders v. Cohen* (*In re Sanders*), B.A.P. No. CC-15-1284-FKiKu, 2016 WL 3961804, at *6–7 (B.A.P. 9th Cir. July 15, 2016) (debtor's inability on appeal to present any persuasive substantive arguments against dismissal showed that even if the court had violated debtor's due process rights, debtor was not prejudiced in any way). Citing the Ninth Circuit, another bankruptcy court in the Southern District of Ohio recently denied a motion for stay pending an appeal after examining the debtors' likelihood of success on the merits based on a harmless error analysis. *McDermott v. Junk* (*In re*

*Junk*), 533 B.R. 639, 648 (Bankr. S.D. Ohio 2015) ("'[I]n order to prevail on a procedural due process claim, prejudice must be demonstrated by showing that the outcome of the proceeding would have been different.'" (quoting *Rosson*, 545 F.3d at 777)).

The Panel has every reason to believe that the Sixth Circuit Court of Appeals would apply this harmless error rule in the context of the present case.  First, the Sixth Circuit has applied a similar rule in the context of notice and procedural due process in immigration cases. In *Graham v. Mukasey*, the Sixth Circuit held that "in order to prevail on a procedural due process challenge, [petitioner] must also show prejudice. . . . [T]o establish the requisite prejudice, he must show that the due process violations led to a substantially different outcome from that which would have occurred in the absence of those violations."  519 F.3d 546, 549–50 (6th Cir. 2008) (citation omitted).  *See also Diaz-Aguilar v. Holder*, 555 F. App'x 545, 547 (6th Cir 2014).  The Sixth Circuit Court of Appeals has also applied a harmless error analysis in the bankruptcy context when it determined that unlisted, unsecured claims are discharged in no-asset cases even when the creditor did not receive proper notice of the bankruptcy case.  *See Zirnhelt v. Madaj* (*In re Madaj*), 149 F.3d 467 (6th Cir. 1998); *See also Republic Bank & Tr. Co. v. Hutchinson*, 444 B.R. 728, 733 (W.D. Ky. 2011) ("Because this case had a no asset designation, Appellant suffered no harm to Due Process from any lack of knowledge of its claim.")

Accordingly, the Panel will examine the Bankruptcy Court's reasons for dismissal to determine if a substantially different result would have occurred if Debtor had been given reasonable notice and opportunity to be heard.

III.       Dismissal For Cause

> The ultimate goal in a Chapter 12 bankruptcy case is to confirm a plan of reorganization for the family farmer. *See* 8–1200 Collier on Bankruptcy ¶ 1200.01.  Only the debtor may file a plan, which must be done no later than 90 days after the petition is filed unless the court extends this period based on circumstances for which the debtor should not justly be held accountable. 11 U.S.C. [§] 1221.  The bankruptcy court is statutorily required to conclude the confirmation hearing no later than 45 days after the filing of the debtor's propose[d] plan, "except for cause." 11 U.S.C. § 1224.  These mandatory time periods are included so that "chapter 12 cases would be processed expeditiously by the bankruptcy courts and would not be subject to delay so often characteristic of chapter 11 cases." 8–1200 Collier on Bankruptcy ¶ 1200.01.  The legislative

history suggests that Congress intended that Chapter 12 bankruptcy cases were to move along expeditiously to protect creditor's interests and to preclude diminution in the value of collateral if a reorganization cannot be achieved. *In re Pretzer*, 96 B.R. 790, 793 (Bankr. N.D. Ohio 1989) (citations omitted).

*In re Pertuset*, 492 B.R. 232, 247 (Bankr. S.D. Ohio), *aff'd*, 485 B.R. 478 (B.A.P. 6th Cir. 2012).

Section 1208 provides a non-exclusive list of reasons a bankruptcy court may dismiss a case for cause. In the present case, the Bankruptcy Court dismissed the case pursuant to § 1208(c) based on: (1) an inability to present a timely confirmable plan; (2) a clear record of unreasonable and prejudicial delay; and (3) a continuing loss to the estate without a reasonable likelihood of rehabilitation.

A.    Failure to File a Confirmable Plan

Debtor received an extension of time to offer a plan. After five months in bankruptcy, the plan he offered proposed to void all liens against his property and only pay his attorney. Trustee and creditors immediately objected to the plan. Even though other courts had previously determined the mortgages were valid, Debtor was given time to file adversary proceedings attempting to avoid the mortgages. As the Bankruptcy Court noted, Debtor knew, since the dismissal of the last adversary proceeding on March 30, 2015, that the proposed plan would not work. Over sixty days had passed since that point to the date of dismissal of the case and Debtor had not proposed a new plan. In *Pertuset*, the BAP affirmed a bankruptcy court's conclusion "that the Debtors' dispute of essentially all of their creditors' claims . . . is a major factor supporting dismissal of [the] case on the grounds of bad faith." 492 B.R. at 257. Additionally, the Bankruptcy Court noted that dismissal of the adversary proceedings functioned as a de facto denial of the proposed plan, which had required successful prosecution of those cases, and served as grounds for dismissal pursuant to § 1208(c)(5).

Debtor's brief asserts that his former attorney is to blame for the failure to present a confirmable plan. His argument wholly fails.

> Petitioner voluntarily chose this attorney as his representative in the action, and he cannot now avoid the consequences of the acts or omissions of this freely selected agent. Any other notion would be wholly inconsistent with our system of representative litigation, in which each party is deemed bound by the acts of his

lawyer-agent and is considered to have 'notice of all facts, notice of which can be charged upon the attorney.'

*Link v. Wabash R.R. Co*, 370 U.S. 626, 633–34, 82 S. Ct. 1386, 1390 (1962) (citation omitted). *See also Nafziger v. McDermott Int'l, Inc*., 467 F.3d 514, 524 (6th Cir. 2006). Further, over two years have passed since the dismissal of the case. Debtor has had plenty of time and several opportunities to reach an agreement with the creditors, but has not done so.

When asked during oral argument whether Debtor could propose a confirmable plan if the case were remanded, McKeever[3] equivocated. She stated that Debtor might possibly propose a plan funded by a third party. Following the hearing, Debtor attempted to supplement the record on appeal with a hypothetical plan. The Panel declines to consider this hypothetical plan as there is no provision in the Federal Rules of Bankruptcy Procedure for supplementing the record in this manner. Moreover, given the other grounds for dismissal discussed below, this effort is not dispositive.

B.      Unreasonable Delay

The Bankruptcy Court found that Debtor's failure to cooperate with discovery, along with the failure to offer a confirmable plan, was evidence of unreasonable delay. The Bankruptcy Court noted that Debtor's excuse that he could not miss his daughter's graduation activities was not reasonable in that Trustee had begun seeking deposition dates over a month before graduation, the graduation activities only affected three individual days, and Trustee had attempted to arrange video conferencing to accommodate Debtor. The Bankruptcy Court further noted that McKeever's proposal to conduct the deposition sometime after the discovery deadline was further evidence of unreasonable delay.

Debtor's appellate brief did not assert any justification for his refusal to participate in a video conference on one of the days when graduation activities were not scheduled. Debtor's only argument regarding delay once again blamed his former attorney, claiming "[u]p and until May 22, 2015, the decision to file any and all pleadings, including Responses to Motions rested solely in the hands of Debtor's counsel Hon. Richard Getty." (Appellant's Br. at 8.) As

---

[3]McKeever is a licensed attorney and acted as Debtor's counsel on appeal.

previously stated, Debtor is responsible for his attorney's actions prior to withdrawal. Moreover, Debtor's own failure to cooperate with discovery after his attorney withdrew demonstrated unreasonable delay. The Bankruptcy Court correctly determined that cause existed to dismiss the chapter 12 case based on Debtor's unreasonable delay. There is no evidence or indication in the record that this conclusion would have been any different if Debtor had proper notice of the June 2, 2015 hearing.

C.    Continuing Losses to the Bankruptcy Estate

Section 1208(c)(9) provides that on the request of a party in interest, a bankruptcy court may dismiss a chapter 12 case for cause, including "continuing loss to or diminution of the estate and absence of a reasonable likelihood of rehabilitation . . . ." In its opinion, the Bankruptcy Court cited Debtor's monthly operating reports that showed a loss. Debtor had reported an ending asset balance of $17,658.92 in April 2014. In March 2015, the ending balance was reported as $7,984.38. Thus, in that time, the estate incurred a loss of over $9,000. Additionally, the Bankruptcy Court noted that because Debtor did not avoid the liens securing the debt on the property, Debtor would have to service that debt through a chapter 12 plan. The Bankruptcy Court concluded such debt service was not possible based on the receipts shown in Debtor's monthly operating reports.

On appeal, Debtor did not address the Bankruptcy Court's conclusion that the continuing losses to the estate provide cause for dismissal pursuant to § 1208(c)(9). Issues that are not fully developed and argued on appeal are waived for appellate review. *United States v. Layne*, 192 F.3d 556, 566 (6th Cir. 1999). *See also Camara v. Gonzales*, 166 F. App'x 840, 844 n.1 (6th Cir. 2006) (Equal protection argument waived when the term "equal protection" not even mentioned in discussion section of brief.); *Wojcik v. Gold (In re Daher)*, 522 B.R. 743, 2014 WL 6805281, at *9 n.4 (B.A.P. 6th Cir. 2014) (Brief that contained "hints and tones" of argument not sufficient for appellate review). Debtor wholly failed to assert that the Bankruptcy Court erred in its conclusion that the estate had suffered continuing losses during the pendency of the case. Nor did Debtor assert he had the means to propose a confirmable plan. Therefore, Debtor is prohibited from arguing that the Bankruptcy Court erred in its conclusion that cause existed for dismissal pursuant to § 1208(c)(9).

**CONCLUSION**

Debtor failed to refute the Bankruptcy Court's conclusion that cause existed to dismiss the chapter 12 case. Therefore, the lack of proper notice and opportunity to be heard prior to dismissal was not prejudicial. The Bankruptcy Court's order dismissing the case is AFFIRMED.